STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION, THE TOWN
OF TARBORO AND ELECTRICITIES OF NORTH CAROLINA v. VIRGINIA
ELECTRIC AND POWER COMPANY AND POLYLOK CORPORATION

No. 8310UC114

(Filed 17 May 1983)

Electricity § 2.3— municipal corporation—no protection as "electric supplier"

A municipal corporation cannot be an "electric supplier" within the mean-
ing of G.S. 62-110.2(b)(5), and that statute thus confers no right upon a
municipality to continue to supply electricity to a customer within an unas-
signed service area. G.S. 160A-311(1) and G.S. 160A-110.2(a)(3).

Judge JOHNSON dissents.

APPEAL by defendants from the North Carolina Utilities
Commission. Orders entered 9 December 1982 and 21 December
1982. Heard in the Court of Appeals 22 April 1983.

Suit for injunctive relief by the Town of Tarboro, North
Carolina, to restrain Virginia Electric and Power Company (Vep-
co) from constructing distribution lines and other plant facilities,
acquiring rights of way and doing other acts or things designed to
enable it to serve power to Polylok Corporation (Polylok) and its
subsidiaries, and from soliciting business from other electric
power customers served by the town. Both Town of Tarboro and
Virginia Electric and Power Company moved for summary judg-
ment. Based on the pleadings, affidavits filed prior to the hearing,
and stipulations of the parties, the Utilities Commission, in a split
decision, allowed the motion for summary judgment filed by the
Town of Tarboro, denied the motion for summary judgment filed
by Vepco and entered an order permanently enjoining Vepco from
providing power service to Polylok and its subsidiary, Polylok
Finishing Corporation. Vepco and Polylok appeal.

State ex rel. Utilities Comm. v. Virginia Elec. and Power Co.

*Spruill, Lane, Carlton, McCotter & Jolly, by J. Phil Carlton, Ernie K. Murray and DeWitt C. McCotter, for plaintiff-appellee, ElectriCities of North Carolina.*

*Taylor, Brinson & Marrow, by Herbert H. Taylor, Jr., and Z. Creighton Brinson, for plaintiff-appellee, Town of Tarboro.*

*Hunton & Williams, by Edward S. Finley, Jr., and Edgar M. Roach, Jr., for defendant-appellant, Virginia Electric and Power Company.*

*Sanford, Adams, McCullough & Beard, by Charles C. Meeker and Nancy H. Hemphill, for defendant-appellant, Polylok Corporation.*

HILL, Judge.

Among the facts not in dispute, the Commission noted the following as significant to its decision.

The Town of Tarboro, Edgecombe County, North Carolina, is a municipal corporation created and existing under the laws of North Carolina. Tarboro is a member of ElectriCities of North Carolina, intervenor in this case, which is a voluntary, nonprofit association having as its members 67 municipalities in North Carolina and Virginia. Virginia Electric and Power Company is a Virginia corporation, a public utility providing electric power in Edgecombe County, North Carolina.

In 1970, Polylok constructed a factory in Edgecombe County located about one mile from the city limits of Tarboro. At that time, the Town of Tarboro agreed to supply its need for electricity. The town constructed an electric line to the plant site at a cost of $79,300 and has since furnished Polylok's needs for electricity. In 1973, Tarboro also began serving Polylok Finishing Corporation. The Town of Tarboro is a member of the North Carolina Eastern Municipal Power Agency and has contracted to "take or pay" for its proportionate share of the project power of the Power Agency which included the load demand of Polylok and its subsidiary.

Polylok and its subsidiary are not located wholly or partially within any area assigned to any electric supplier pursuant to G.S. 62-110.2(c). Neither is the property on which Polylok and its sub-

sidiary are located within 300 feet of the lines of any electric supplier or partially within 300 feet of the lines of two or more electric suppliers. In fact, the area in which Polylok is located was left unassigned by the Utilities Commission at the request of Vepco and Edgecombe-Martin County Electric Membership Corporation in 1968, the Commission indicating that non-assignment would best serve "the public convenience and necessity." At the time, the Town of Tarboro advised the Commission it did not wish to intervene or protest, but requested it be notified and given an opportunity to intervene if any area adjacent to the Town be considered for assignment "to anyone other than the Town of Tarboro."

In 1982, the legislature extended the city limits of the Town of Tarboro to include the Polylok plant site, establishing the effective date of annexation as 30 June 1983. Immediately thereafter Polylok sought a release from its agreement with the town effective on the date of annexation. The town declined to release Polylok.

Polylok contends it desired to get its electrical power from Vepco for the following reasons:

1. Dissatisfaction with Tarboro's annexation of its premises effective 30 June 1983.

2. Tarboro's violation between October, 1981 and May, 1982 of its policy to charge electric rates competitive with those of Vepco.

3. Tarboro's membership in the North Carolina Eastern Municipal Power Agency which is a new, untested venture.

4. Polylok Corporation's conclusion that while future Tarboro rates will not be substantially better than Vepco's, such rates may be substantially worse.

5. Tarboro's rates for electric service are not regulated by any independent authority.

On 12 August 1982, Polylok notified the town that it had contracted to receive its electric service from Vepco, effective 1 January 1983. The utility began constructing lines and expanding its Anaconda substation located one-half mile distant to service

Polylok. On 8 November 1982, the Town of Tarboro filed its complaint against Vepco with the Commission, praying that Vepco be permanently enjoined from supplying Polylok and its subsidiary and from soliciting any of Tarboro's other customers, alleging that Vepco's provision of electric service would result in a duplication of facilities and adverse economic consequences to Tarboro.

The Commission issued a preliminary injunction, restraining Vepco and Polylok, but later amended its order to permit Vepco to continue construction. Various other pleadings raise issues not germane to this proceeding.

All parties agree the issue turns on an interpretation of G.S. 62-110.2(b)(5) which states:

(b) In areas outside of municipalities, electric suppliers shall have rights and be subject to restrictions as follows:

(5) Any premises initially requiring electric service after April 20, 1965, which are not located wholly within 300 feet of the lines of any electric supplier and are not located partially within 300 feet of the lines of two or more electric suppliers may be served by any electric supplier which the consumer chooses, unless such premises are located wholly or partially within an area assigned to an electric supplier pursuant to subsection (c) hereof, and any electric supplier not so chosen by the consumer shall not thereafter furnish services to such premises.

The plaintiff argued—and the majority of the Utilities Commission agreed—that the Town of Tarboro was the electric supplier initially chosen by Polylok and its subsidiary; and that Vepco, as a subsequently chosen electric supplier, is barred from furnishing services pursuant to the last clause of G.S. 62-110.2(b)(5). Polylok contends the town is not an electric supplier within the meaning of the statute, and thus Vepco constitutes its initial electric supplier.

Chapter 287 of the 1965 Session Laws is a comprehensive revision of the electric service statutes in North Carolina. When codified, it was divided into two sections. G.S. 160A-331, *et seq.*, deals with electric service in urban areas, including municipali-

ties, and G.S. 160A-312 provides that "a city may acquire, construct, establish, enlarge, improve, maintain, own and operate any public enterprise outside its corporate limits, within reasonable limitations, but in no case shall a city be held liable for damages to those outside the corporate limits for failure to furnish any public enterprise service." G.S. 160A-311(1) defines a "public enterprise" to include "[e]lectric power generation, transmission and distribution systems." These statutes are a part of Chapter 160A entitled "Cities and Towns."

On the other hand, Chapter 62 of the General Statutes entitled "Public Utilities" relates to electric service outside the limits of municipalities. G.S. 62-110.2(a)(3) provides: " 'Electric supplier' means any public utility furnishing electric service or any electric membership corporation." In *Electric Service v. City of Rocky Mount,* 285 N.C. 135, 203 S.E. 2d 838 (1974), Justice Lake, speaking for the Court, said:

> G.S. 62-110.2, specifying the rights of, and restrictions upon, an "electric supplier," is, of course, a part of Ch. 62 of the General Statutes. G.S. 62-3, defining terms "as used in this chapter, unless the context otherwise requires," states in Clause 23(d), "The term 'public utility' except as otherwise expressly provided in this Chapter, *shall not include a municipality* * * *." (Emphasis added.) Thus, a municipality is not an "electric supplier" as that term is used in G.S. 62-110.2.

*Id.* at 142, 203 S.E. 2d at 842.

Vepco argues that the wording of the statute and the case law clearly excludes the Town of Tarboro as an electric supplier, and we agree. Electric suppliers are regulated by the Utilities Commission as public utilities. A municipality owns, operates, and regulates its public utilities under its charter and as a public enterprise under G.S. 160A-312. Thus, while the Town of Tarboro was acting within reasonable limitations in extending its lines to the Polylok site in an undesignated area to furnish power on a contractual basis, G.S. 62-110.2 confers no rights upon it as an electric supplier and provides no limitations to protect it.

It is for the legislature, and not this Court, to define "electric supplier" further than presently set out in G.S. 62-110.2(a)(3) if it

intends that municipalities be so designated. While we agree with the Town of Tarboro that equity favors it as the initial supplier, we conclude both statutory and case law compel us to decide otherwise.

The decision of the Utilities Commission granting the Town of Tarboro's motion for summary judgment is reversed and the case remanded to the Utilities Commission for entry of an order in accordance with the decision set out herein.

Reversed and remanded.

Judge PHILLIPS concurs.

Judge JOHNSON dissents.