STATE OF NORTH CAROLINA ex rel. UTILITIES COMMISSION, THE TOWN OF TARBORO and ELECTRICITIES OF NORTH CAROLINA v. VIRGINIA ELECTRIC AND POWER COMPANY and POLYLOK CORPORATION

No. 280A83

(Filed 2 February 1984)

1. **Electricity § 2.6— electricity to user outside city limits—municipality's right to continue to provide**

    A municipality has the exclusive right to provide electricity to a user outside its city limits when the user desires to discontinue receiving electric service from the municipality and to receive it instead from an electric supplier if its service was initially, has been, and is "within reasonable limitations" as that term is used in G.S. 160A-312.

2. **Electricity § 2.3— dispute between municipality and electric supplier—inapplicability of statute**

    The statute delineating the right of an electric customer to choose from which "electric supplier" it will purchase electricity, G.S. 62-110.2(b)(5), is inapplicable to a dispute between a municipality and an electric supplier.

3. **Electricity § 2.6— city's electric service as being "within reasonable limitations"**

    A municipality's service of electricity to a corporate user outside its city limits was initially, has been and is "within reasonable limitations" as a matter of law where the user's plants and the city limits were approximately one mile apart when the service was begun; the user's plants are not in an area assigned to any electric supplier; the municipality has always maintained an acceptable level of service to the user's area and it is ready, willing and able to continue providing such service to the user; and the municipality has now extended its city limits to encompass the corporate user.

    Justice MEYER did not participate in the consideration or decision of this case.

APPEAL from a decision by a divided panel of the North Carolina Court of Appeals. 62 N.C. App. 262, 302 S.E. 2d 642 (1983). *See* N.C. Gen. Stat. § 7A-30(2) (1981).

*Taylor, Brinson & Marrow by Herbert H. Taylor, Jr., and Z. Creighton Brinson, for plaintiff appellant Town of Tarboro.*

*Spruill Lane Carlton McCotter & Jolly by J. Phil Carlton & Ernie K. Murray, for plaintiff appellant ElectriCities.*

*Edward S. Finley, Jr. (of counsel: Edward S. Finley, Jr. & Edgar M. Roach, Jr., Hunton & Williams), for defendant appellee Virginia Electric and Power Company.*

*Sanford, Adams, McCullough & Beard by Charles C. Meeker & Nancy H. Hemphill, for defendant appellee Polylok Corporation.*

EXUM, Justice.

[1]  The sole issue raised by this appeal is whether a municipality has the exclusive right to provide electricity to a user outside its city limits when the user desires to discontinue receiving electric service from the municipality and to receive it instead from an electric supplier. We conclude the municipality does have such an exclusive right if its service was initially, has been, and is "within reasonable limitations," as that term is used in N.C. Gen. Stat. § 160A-312 (1982). On the facts here, we conclude the municipality's service meets the "reasonable limitations" standard.

I.

Because the dominant question in the proceedings below involved a question of law, the parties stipulated to most of the relevant facts. We summarize briefly.

Polylok Corporation and its subsidiary Polylok Finishing Corporation [hereinafter Polylok] began requiring electric service in 1970 and 1973, respectively, to plants approximately one mile from the Town of Tarboro's city limits. At those times Tarboro, a municipal corporation created and existing under the laws of North Carolina and located in Edgecombe County, at Polylok's request extended its electric lines beyond its corporate limits[1] to

1. Tarboro now has extended its corporate limits to encompass both corporations by annexation, approved by the General Assembly, effective 30 June 1983.

Polylok's plants. Since these times and during these present proceedings, both corporations have received all their electricity from Tarboro. Polylok's premises are not located wholly or partly within any area assigned to any electric supplier. *See* N.C. Gen. Stat. § 62-110.2(c) (1982). These premises are not located wholly within 300 feet of the lines of any electric supplier or partially within 300 feet of the lines of two or more electric suppliers. *Id.* § 62-110.2(b).

Polylok notified Tarboro by letter dated 12 August 1982 of its intention to begin receiving its electricity, as of 1 January 1983, from Virginia Electric and Power Company (Vepco), a Virginia corporation and public utility entitled to transact business in North Carolina. Vepco is an electric supplier. *See* N.C. Gen. Stat. § 62-110.2(a)(3). Tarboro challenged Polylok's decision to switch its source of electricity and Vepco's desire to supply electricity to Polylok before the North Carolina Utilities Commission. ElectriCities of North Carolina, a voluntary, nonprofit association of municipalities which provide electricity, moved and was allowed to intervene as a party plaintiff.

The Commission, in a 4-3 decision, granted Tarboro's motion for summary judgment. Vepco and Polylok appealed, and a divided panel of the Court of Appeals reversed. 62 N.C. App. 262, 302 S.E. 2d 642 (1983). Plaintiffs appeal to this Court as a matter of right. We now reverse.

II.

The parties, the Commission and the Court of Appeals have assumed this case requires an interpretation of N.C. Gen. Stat. § 62-110.2(b)(5). That subsection provides:

> Any premises initially requiring electric service after April 20, 1965, which are not located wholly within 300 feet of the lines of any electric supplier and are not located partially within 300 feet of the lines of two or more electric suppliers may be served by any electric supplier which the consumer chooses, unless such premises are located wholly or partially within an area assigned to an electric supplier . . ., and any electric supplier not so chosen by the consumer shall not thereafter furnish service to such premises.

The Commission interpreted this section as precluding Vepco from providing electricity to Polylok because Polylok chose Tarboro at the time it initially required service. The Court of Appeals disagreed, holding that section 62-110.2(b)(5) conferred no right on Tarboro to provide electricity because, as a municipality, it was not an "electric supplier" within the meaning of the statute.

[2] We conclude section 62-110.2(b)(5) has no application to this case. This section only delineates the right of an electric customer to choose from which "electric supplier" it will purchase electricity. A municipality is not an electric supplier. *Domestic Electric Service, Inc. v. Rocky Mount,* 285 N.C. 135, 143, 203 S.E. 2d 838, 842 (1974). *See Lumbee River Electric Membership Corporation v. Fayetteville,* 309 N.C. 726, 309 S.E. 2d 209 (1983). Section 62-110.2(b)(5) deals solely with one aspect of the rights between two or more electric suppliers and has no applicability to this dispute between a municipality and an electric supplier. Nothing in the 1965 Electric Act, codified at N.C. Gen. Stat. §§ 160A-331 to 160A-338, and 62-110.1 to 62-110.2, empowers or restricts municipalities in the operation of their electric systems outside their corporate limits. Section 160A-312 provides the sole authority for and "restriction upon municipalities furnishing electric service outside corporate limits . . . ." *Lumbee River,* 309 N.C. at 733, 309 S.E. 2d at 214 (slip op. at 9).[2]

[1] Hence, we proceed to analyze the application of section 160A-312 to the facts herein. That section provides, in pertinent part, that a municipality

shall have authority to acquire, construct, establish, enlarge, improve, maintain, own, operate, and contract for the operation of any or all of the public enterprises as defined in this Article to furnish services to the city and its citizens [and] may acquire, construct, establish, enlarge, improve, maintain, own, and operate any public enterprise outside its corporate limits, within reasonable limitations . . . .

2. We note that neither the parties, Commission, nor Court of Appeals had the benefit of our recent decision in *Lumbee River Electric Membership Corporation v. Fayetteville* (decided 6 December 1983) during any of these proceedings. Oral argument in the instant case followed argument in *Lumbee River* by merely one month and preceded the decision in that case by two months.

*Id.*[3] As our decision in *Lumbee River* indicates, this provision vests municipalities with a right to serve potential new customers outside its corporate limits so long as this extension of service is "within reasonable limitations." *Lumbee River,* slip op. at 14. *Accord Domestic Electric,* 285 N.C. at 143-44, 203 S.E. 2d at 843. Therefore, we need only determine whether Tarboro's service of electricity to Polylok was initially, has been, and is "within reasonable limitations."[4]

In both *Domestic Electric* and *Lumbee River,* we analyzed the factors to be considered in deciding whether a town's furnishing of electric service outside its corporate limits met the "within reasonable limitations" requirement. This requirement "does not refer solely to the territorial extent of the venture but embraces all facts and circumstances which effect the reasonableness of the venture." *Domestic Electric,* 285 N.C. at 144, 203 S.E. 2d at 844 (*quoting Public Service Company of North Carolina v. Shelby,* 252 N.C. 816, 823, 115 S.E. 2d 12, 17 (1960)). We amplified this analysis in *Lumbee River,* noting there that determinative factors beyond geography include the "level of current service in the area . . . particularly the immediate vicinity of the potential customer, and the readiness, willingness, and ability of [the city] to serve the potential customer." Slip op. at 16.

[3]  We feel the facts here clearly chart our course. Geographically, Polylok's plants and Tarboro's former city limit were initially and have remained reasonably close. Polylok's plants are not in an area assigned to any electric supplier. Tarboro's history of providing electric service satisfactorily to Polylok strongly indicates that it has always maintained an acceptable level of service to Polylok's area and that it is ready, willing, and able to continue providing such service to Polylok. The annexation, which took ef-

3. For the purposes of this section, a "public enterprise" includes electric power generation, transmission, and distribution systems. N.C. Gen. Stat. § 160A-311(1) (1982).

4. We recognize, of course, that the furnishing of electric service to an area subsequently annexed must be carried out pursuant to N.C. Gen. Stat. § 160A-331 to 160A-338. *See* N.C. Gen. Stat. § 62-110.2(e) (1982). Tarboro offered to stipulate that the pending annexation, which had not taken effect when these proceedings were instituted, would have no effect on the decision in this case. Vepco refused this stipulation. We express no opinion as to the effect of the annexation itself on the rights of the parties under these provisions.

fect on 30 June 1983, persuasively suggests that Tarboro's extension of electric service to Polylok was and is "within reasonable limitations." We conclude, on these facts, that Tarboro's decision to provide electric service to Polylok in 1970 and 1973 at Polylok's request was "within reasonable limitations" as a matter of law. Its continuation of that service has been and is now "within reasonable limitations." Tarboro, therefore, has the exclusive right to continue this service. The desire of its customer, Polylok, to discontinue the service has not diminished this right.

Thus, for the reasons stated, we agree with the Commission's decision. Accordingly, the judgment of the Court of Appeals is

Reversed.

Justice MEYER did not participate in the consideration or decision of this case.